

COPY

```
1  R. JASON READ, State Bar No. 117561
2  BART BOTTA, State Bar No. 245967
   RYNN & JANOWSKY, LLP
3  4100 Newport Place Drive, Suite 700
   Newport Beach, CA 92660
4  T: 949.752.2911
5  F: 949.752.0953
   Jason@rjlaw.com
6  Bart@rjlaw.com
7
8  Attorney for Plaintiff
   BLAZER WILKINSON, LP
9
```

FILED
10 JUL 28 PM 2:37
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BLAZER WILKINSON, LP, a limited partnership;<br><br>Plaintiff,<br><br>v.<br><br>PRIME TROPICAL, INC., a corporation; JULIO CHAN, an individual; VINCENT RAMIREZ, JR., an individual; MARIA CHAN, an individual; YOLANDA RAMIREZ, an individual,<br><br>Defendants. | Case No. CV10 5611 SVW (FFMx)<br><br>**COMPLAINT FOR:**<br>(1) BREACH OF CONTRACT<br>(2) ENFORCEMENT OF STATUTORY TRUST PROVISIONS OF PACA (7 U.S.C. SEC. 499a, ET SEQ.)<br>(3) FAILURE TO MAINTAIN PACA TRUST ASSETS<br>(4) FAILURE TO ACCOUNT AND PAY PROMPTLY<br>(5) BREACH OF FIDUCIARY DUTY<br>(6) UNJUST ENRICHMENT<br>(7) CONVERSION<br>(8) DECLARATORY RELIEF |

Plaintiff, BLAZER WILKINSON, LP. brings this civil action against Defendants PRIME TROPICAL, INC., and JULIO CHAN, VINCENT RAMIREZ, JR., MARIA CHAN, and YOLANDA RAMIREZ, for damages and alleges as follows:

///

# I.

# JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §1331 because Plaintiff's causes of action are based upon a law of the United States, namely, Perishable Agricultural Commodities Act of 1930 ("PACA"), as Amended, 7 U.S.C. §499e, authorizing the enforcement of payment from the PACA trust by a trust beneficiary and damages for unlawful conduct under PACA.

2. Venue properly lies in this judicial district under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff' claims occurred in this judicial district, and in that all Defendants are domiciled in this district.

# II.

# THE PARTIES

3. Plaintiff, BLAZER WILIKINSON, LP ("BW"), is and at all times material herein was a limited partnership organized to do and doing business under the laws of California, with its principal place of business located in the City of Salinas, State of California.

4. Plaintiff is and during all times mentioned herein has been engaged in the business of selling wholesale quantities of perishable agricultural commodities in interstate commerce.

5. The defendants are as follows:

   A. Defendant PRIME TROPICAL, INC. ("PTI") is a corporation with its principal place of business in Los Angeles, California, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of PACA and licensed thereunder as a dealer operating under PACA license no. 20050940.

   B. Defendant JULIO CHAN ("JC") is an individual who, at all relevant times, on information and belief, was an officer, shareholder and/or director of PTI.

C. Defendant VINCENT RAMIREZ, JR. ("VR") is an individual who, at all relevant times, on information and belief, was an officer, shareholder and/or director of PTI.

D. Defendant MARIA CHAN ("MC") is an individual who, at all relevant times, on information and belief, was an officer, shareholder and/or director of PTI.

E. Defendant YOLANDA RAMIREZ ("YR") is an individual who, at all relevant times, on information and belief, was an officer, shareholder and/or director of PTI.

6. Defendants JC, VR, MC and YR are referred to herein as the "Individual Defendants." Defendant PTI and the Individual Defendant will be referred to collectively as the "Defendants."

## III.

## BACKGROUND

7. Defendant PTI is and during all times mentioned herein was, engaged in the business of selling wholesale quantities of fresh fruit and vegetables in interstate and foreign commerce.

8. At all times relevant herein, Defendants, and each of them, were engaged in the handling of produce in interstate commerce as commission merchants, dealers and/or brokers, operating under PACA license number 20050940, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

9. Plaintiff is informed and believes and thereon alleges that the Individual Defendants are and at times relevant herein were shareholders, officers and/or directors of Defendant PTI, and in that capacity, controlled or were in a position to control the disposition of PTI's assets, including its PACA trust assets, over which the Individual Defendants owe a continuing statutory fiduciary duty to Plaintiff.

## IV.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant PTI)

10. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 9, inclusive, of this Complaint as though fully set forth herein.

11. At all times relevant herein, Defendant PTI was engaged in the buying and selling of perishable agricultural commodities in interstate and/or foreign commerce in wholesale and jobbing quantities as defined by 7 C.F.R. §46.2(x), as a commission merchant, dealer and/or broker, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

12. In a series of transactions, between on or about May 21, 2010 through July 25, 2010, Plaintiff sold and shipped perishable agricultural commodities to Defendant PTI at PTI's request for which PTI agreed to pay Plaintiff in the principal amount at least as great as the sum of $779,685.10.

13. At or about the date of each transaction described above, Plaintiff forwarded to Defendant PTI invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities. Plaintiff has repeatedly demanded that Defendant pay the amounts due and owing under the invoices, cumulatively totaling the principal amount of at least $779,685.10; however, Defendant PTI has failed and refused and continues to fail and refuse to pay Plaintiff for the produce purchased by Defendant as set forth above.

14. Plaintiff has performed all conditions, covenants and obligations required to be performed by Plaintiff under the agreements for sales of produce as set forth herein.

15. As a direct and proximate result of the failure of Defendant PTI to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the cumulative principal amount of at least $779,685.10, as separately set forth above, plus recoverable interest and attorneys' fees.

## V.

## SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

16. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15, inclusive of this Complaint as though fully set forth herein.

17. Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)], operating its business subject to PACA license number 20040985 issued by the United States Department of Agriculture – PACA Branch.

18. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

19. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA, upon receipt of the perishable agricultural commodities sold by Plaintiff to Defendant PTI, Defendants, and each of them, became trustees of the PACA trust for the benefit of Plaintiff in the cumulative amount of at least $779,685.10. The PACA trust consists of all Defendants' inventories of perishable agricultural commodities, all inventories of food or products derived from said commodities, all accounts receivables and other proceeds from the sale of such commodities, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets").

20. Pursuant to the statutory trust provisions of the PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff preserved its trust benefits in the total amount of at least $779,685.10 by including the statutory language of 7 U.S.C. §499e(c)(4) on the face of each of its invoices for the commodities sold to Defendant PTI, and by sending those invoices to said Defendant.

21. Defendants have failed to pay Plaintiff for the commodities purchased, in spite of Plaintiff's repeated demands for payment.

22. Pursuant to PACA 7 U.S.C §499e(c), Plaintiff is an unpaid supplier and seller of perishable agricultural commodities, and is entitled to PACA trust protection and payment from the PACA Trust Assets of Defendants, and each of them.

23. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of at least $779,685.10, in the amounts separately alleged above, plus recoverable interest and attorneys' fees, all of which qualifies for protection under the PACA trust.

## VI.

## THIRD CAUSE OF ACTION

### (Violation of PACA: Failure to Maintain PACA Trust Assets Against All Defendants)

24. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 23, inclusive of this Complaint as though fully set forth herein.

25. Plaintiff is informed and believes, for the reasons alleged at paragraphs 5 through 9 above, and on that basis hereby alleges that Defendants, and each of them, are statutory trustees under PACA. The PACA trust requires Defendants to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff.

26. Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the PACA Trust Assets and keep them available to satisfy Defendants' obligations to Plaintiff in violation of the provisions of the PACA, 7 U.S.C. §499(b)(4) and the regulations promulgated by the Secretary of Agriculture, 7 C.F.R. §46.46. Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

27. Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from the sale of perishable agricultural commodities to their own use and/or to an unknown third party or parties in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff. [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of such commodities or products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

28. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the cumulative loss of at least $779,685.10, plus recoverable interest and attorneys' fees, all of which qualifies for protection under the PACA trust.

## VII.

## FOURTH CAUSE OF ACTION

**(For Violation Of Perishable Agricultural Commodities Act:  Failure To Account And Pay Promptly Against All Defendants)**

29. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as though fully set forth herein.

30. Defendants received and accepted each of the shipments of produce identified above.

31. PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

32. Plaintiff has repeatedly demanded that Defendants pay the amount totaling $779,685.10 for Produce sold and delivered to Defendant PTI as described above. Despite these demands, Defendants have failed and refused to truly, correctly and

accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the commodities sold, and have diverted PACA Trust Assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

33. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the cumulative loss of $779,685.10, plus recoverable interest and attorneys' fees.

## VIII.

## FIFTH CAUSE OF ACTION

### (Breach of Fiduciary Duty to PACA Trust Beneficiary Against the Individual Defendants)

34. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth herein.

35. At all times relevant to this action, the Individual Defendants were officers, directors and/or shareholders of Defendant PTI and were in positions to control the PACA trust assets that are the subject of this Complaint.

36. As controlling shareholders, officers and/or directors of Defendant PTI, the Individual Defendants have a duty to ensure that they and Defendant PTI fulfilled their duties as PACA trustees, and maintain PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets are available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligation became due.

37. The Individual Defendants had full knowledge and responsibility for the handling of Defendant PTI's duties as trustees of the PACA trust.

38. The Individual Defendants controlled and/or were in a position to control and/or had a duty to control the operations and financial dealings of Defendant PTI,

including those involving the PACA Trust Assets.

39. Defendants, and each of them, breached their fiduciary duties to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

40. The Individual Defendants breached their fiduciary duties to direct Defendant PTI to fulfill its duties as PACA trustees to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the commodities Plaintiff supplied to Defendant.

41. As a direct and proximate cause and result of the Individuals' breach of fiduciary duty, the Plaintiff has incurred damages in the amount of $779,685.10, plus recoverable interest and attorneys' fees, all of which qualifies for protection under the PACA trust.

42. The Individual Defendants are jointly and severally liable to Plaintiff for breaching their fiduciary duty in dissipating the PACA trust to the extent of $779,685.10, plus, recoverable interest and attorneys' fees, less any monies Plaintiff may hereafter receive from the PACA Trust Assets.

## IX.

## SIXTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

43. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 42, inclusive, of this Complaint as though fully set forth herein.

44. Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the cumulative amount of at least $779,685.10, as separately set forth above.

45. If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Plaintiff.

46. As a direct and proximate result of the wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the amount of at least $779,685.10.

## X.

## SEVENTH CAUSE OF ACTION

## (For Conversion and Unlawful Retention of PACA Trust Assets Against All Defendants)

47. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 46, inclusive, of this Complaint as though fully set forth herein.

48. At all times relevant herein, Plaintiff were and currently are, entitled to possession of the specific sums as alleged herein in the total amount of at least $779,685.10, as separately set forth above.

49. Plaintiff have repeatedly demanded the immediate turnover of the above-mentioned sums but Defendants have failed and refused and continue to fail and refuse to turn over such sums of money to Plaintiff.

50. Plaintiff is informed and believes and thereon alleges that the Individual Defendants have diverted payments of Defendant PTI's accounts receivable, assets of the PACA trust and monies due and owing to Plaintiff to themselves and/or to other unknown third parties.

51. Upon information and belief, the Individual Defendants diverted these PACA Trust Assets in breach of the PACA trust.

52. The Individual Defendants continue to hold any and all PACA Trust Assets having come into their individual possession as trustees for Plaintiff' beneficial interest in the PACA Trust.

53. As a direct and proximate result of Defendants' receipt of PACA Trust Assets, Plaintiff has incurred damages in the cumulative amount of $779,685.10, plus recoverable interest and attorneys' fees, less any monies Plaintiff hereafter receives from the PACA Trust Assets.

///

///

## XI.

## EIGHTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

54. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 53, inclusive, of this Complaint as though fully set forth herein.

55. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that Plaintiff contends the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiff is fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

56. Plaintiff seeks an Order of this Court declaring that Plaintiff's PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is beneficiaries. Plaintiff would show that any perfected security interest which a third party might have in the accounts receivable, inventory or proceeds of Defendants is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

57. Further, Plaintiff seeks a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiff's trust claim under the PACA amendment are superior to and take priority over Defendants' secured and unsecured claims, if any, to the accounts receivable, inventory and the proceeds thereof of Defendant PTI; and, (3) that only funds in excess of the trust funds necessary to pay the Plaintiff, a PACA trust beneficiary, are property of Defendants or the estate of Defendants, and possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## FIRST CAUSE OF ACTION

### (For Breach of Contract Against Defendant PTI)

1. For damages in the cumulative amount of $779,685.10 as against Defendant PTI, as separately set forth above; and,

2. For interest at the highest rate allowed by law on all unpaid principal sums until fully paid;

3. For reasonable attorneys fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (For Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

1. For an order requiring Defendants to immediately turn over to the Plaintiff, as a PACA trust beneficiary, an amount of the PACA Trust Assets equal to the cumulative sum of $779,685.10, as separately set forth above, plus interest at the contractual rate of 18% per annum, or at the highest legal rate from the date each invoice became past due, costs and attorneys' fees; and,

2. For interest at the highest rate allowed by law on all unpaid principal sums until fully paid;

3. For reasonable attorneys fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### (For Violation of PACA: Failure to Maintain PACA Trust Assets Against All Defendants)

1. For damages in the cumulative amount of $779,685.10, as separately set forth above, as against all Defendants; and,

2. For interest at the highest rate allowed by law on all unpaid principal sums until fully paid;

3. For reasonable attorneys fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

### (For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly Against All Defendants)

1. For an order requiring Defendants to immediately account for and to immediately pay Plaintiff the cumulative sum of $779,685.10, as separately set forth above; and

2. For interest at the highest rate allowed by law on all unpaid principal sums until fully paid;

3. For reasonable attorneys fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty to PACA Trust Beneficiary Against the Individual Defendants)

1. For judgment against the Individual Defendants and in favor of the Plaintiff in the cumulative amount of $779,685.10, as separately set forth above; and

2. For interest at the highest rate allowed by law on all unpaid principal sums until fully paid;

3. For reasonable attorneys fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## SIXTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

1. For damages in the cumulative amount $779,685.10 as against Defendants, as separately set forth above; and,

2. For interest at the highest rate allowed by law on all unpaid principal sums until fully paid;

3. For reasonable attorneys fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

///

## SEVENTH CAUSE OF ACTION

### (For Conversion and Unlawful Retention of PACA Trust Assets Against All Defendants)

1. For an order requiring the Individual Principals to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the cumulative amount of $779,685.10, as separately set forth above; and,

2. For interest at the highest rate allowed by law on all unpaid principal sums until fully paid;

3. For reasonable attorneys fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

## EIGHTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants)

1. For a declaratory judgment establishing that:

   (a) The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

   (b) The Plaintiff' trust claim under the PACA amendment are superior to and take priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

   (c) Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

2. For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the cumulative sum of $779,685.10, as separately set forth above;

///

///

///

3.  For interest at the highest rate allowed by law on all unpaid principal sums until fully paid;

4.  For reasonable attorneys fees and costs of suit incurred herein; and,

5.  For such other and further relief as the Court may deem just and proper.

RYNN & JANOWSKY, LLP

DATED: July 28, 2010          By: _____
R. JASON READ, attorneys for Plaintiff
BLAZER WILKINSON, LP

LAW OFFICES
RYNN & JANOWSKY
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660-2423
(949) 752-2911
FAX (949) 752-0953

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**CV10- 5611 SVW (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ORIGINAL

R. Jason Read, California SBN 117561
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 752-2911
Jason@rjlaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| BLAZER WILKINSON, LP, a limited liability partnership, <br><br> PLAINTIFF(S) <br> v. <br><br> PRIME TROPICAL, INC., a corporation; JULIO CHAN, an individual; VINCENT RAMIREZ, JR., an individual; MARIA CHAN, an individual; YOLANDA RAMIREZ, an individual, <br> DEFENDANT(S). | CASE NUMBER <br><br> **CV10 5611 SVW (FFMx)** <br><br><br> SUMMONS |
|---|---|

TO: DEFENDANT(S): <u>Prime Tropical, Inc.; Julio Chan; Vincent Ramirez, Jr.; Maria Chan; Yolanda Ramirez</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>R. Jason Read</u>, whose address is <u>Rynn & Janowsky, LLP, 4100 Newport Place Drive, #700, Newport Beach, CA 92660</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL 28 2010

Dated: _____

Clerk, U.S. District Court

**CHRISTOPHER POWERS**

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)          **SUMMONS**

**COPY**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> BLAZER WILKINSON, LP, a limited partnership, | DEFENDANTS <br> PRIME TROPICAL, INC., a corporation; JULIO CHAN, an individual; VINCENT RAMIREZ, JR., an individual; MARIA CHAN, an individual; YOLANDA RAMIREZ, an individual; |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> R. Jason Read, RYNN & JANOWSKY, LLP, <br> 4100 Newport Place Drive, Suite 700, Newport Beach, CA 92660 <br> Tel: (949) 752-2911   Fax: (949) 752-2911   Jason@rjlaw.com | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding     ☐ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from another district (specify):     ☐ 6 Multi-District Litigation     ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☒ No  (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT:** $ 779,685.10

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of Contract; Failure to Maintain Statutory Trust; Violation of PACA and Failure to Turnover Trust Assets (7 U.S.C. §499e, et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☒ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: **CV10 5611**
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                       CIVIL COVER SHEET                       Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Monterey County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (all Defendants) | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_   Date July 28, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |